(Reap. Dec. 10748)

REFRIGERADORA DEL CENTRO, S.A. ⎫
E. H. CORRIGAN, JR. ⎬ v. UNITED STATES
 ⎭

Entry No. 31, etc.

(Decided May 6, 1964)

*Stein & Shostak* (*S. Richard Shostak* of counsel) for the plaintiffs.

*John W. Douglas*, Assistant Attorney General (*Sheila N. Ziff*, trial attorney), for the defendant.

WILSON, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation entered into between counsel for the parties herein:

MR. SHOSTAK: This appeal is abandoned insofar as it pertains to all merchandise other than mashed or puree strawberries. The appeal is abandoned also insofar as it pertains to consumption entries 31, 32, 133, 293, 294, 295, 465, 476, and 557.

Plaintiff offers to stipulate that the merchandise in the remaining entries not abandoned heretofore consists of mashed or puree strawberries imported from Mexico into Laredo, Texas, during the year 1956.

Plaintiff further offers to stipulate that on or about the dates of exportation of the merchandise hereinbefore described, such or similar merchandise was freely offered for sale to all purchasers in the principal markets of Mexico, in the usual wholesale quantities, and in the ordinary course of trade for exportation to the United States, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States,

at 11 cents per pound, f.o.b. Irapuato, Gto., net packed, and that there was no higher foreign value.

That the above appeal for reappraisement is limited to the merchandise and entries hereinbefore described, and is abandoned as to all other merchandise. Plaintiff requests that this appeal may be deemed to be submitted for decision upon this oral stipulation.

MRS. ZIFF: I have conferred with the line examiner and the Appraiser at the port of Laredo, and agree to said stipulation.

MR. SHOSTAK: Plaintiff submits.

MRS. ZIFF: Submit.

On the agreed facts, I find and hold that export value, as that value is defined in section 402(d) of the Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise involved herein, consisting of mashed or puree strawberries, and that such value was 11 cents per pound, f.o.b. Irapuato, Gto., net, packed. As to all other merchandise involved in this appeal, the appeal is dismissed.

Judgment will issue accordingly.